Filed 05/11/26

VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket Nos. 25-ENV-00030
25-ENV-00031
25-ENV-00032

| Bellows Falls Hydroelectric Project Water Quality Cert. Appeal, et al. |
| --- |

## ENTRY REGARDING MOTIONS

Title:         Motion for Protective Order (Motion #11)

Filer:         Charles O.M. Peel, Jr., Esq., counsel for Interested Party Vermont Agency of Natural Resources

Filed Date:    April 8, 2026

 Memorandum in Opposition, filed by Ronald A. Shems, Esq. counsel for Appellants, on April 22, 2026

 Reply to Appellants' Opposition, filed by John Zaikowski, Esq., on May 1, 2026

 Motion to File Surreply and Appellants' Surreply, filed by Ronald A. Shems, Esq., on May 4, 2026

**The motion for protective order is DENIED.**

These coordinated matters involve appeals by Connecticut River Conservancy (CRC), Vermont Natural Resources Council (VNRC), Conservation Law Foundation (CLF), and American Whitewater (AW) (collectively, Appellants) from water quality certifications (WQCs) issued by the Vermont Agency of Natural Resources (ANR) to Applicant/Appellee Great River Hydro, LLC (Applicant) for hydroelectric projects located on the Connecticut River in Bellows Falls, Vernon and Wilder, Vermont, respectively. ANR issued each of the relevant certifications with conditions on April 16, 2025. The notices of appeal in these cases were timely filed on May 16, 2025.

On April 14, 2026, this Court granted a motion to modify the existing discovery schedule in these matters, extending the deadline for completion of all discovery until June 4, 2026. The Court's order extended all other deadlines in the prior scheduling order by 45 days, meaning the parties must be trial ready by September 17, 2026.

Appellants have served two sets of discovery requests on ANR, one in August 2025 and one in September 2025, to which ANR responded. Due to resulting discovery disputes, the parties met and conferred in attempts to resolve the issues on January 23 and March 20, 2026. They failed to

reach agreement around the testimony of Jeff Crocker, a Supervising River Ecologist with ANR's Department of Environmental Conservation (DEC). Appellants then noticed a deposition for Mr. Crocker on April 4, 2026, to take place on April 17, 2026.[1]

ANR has moved for a protective order regarding Mr. Crocker's deposition, which Appellants oppose. ANR makes a number of arguments in support of its motion, including that: 1) it fears that Appellants' ultimate intention is to use Mr. Crocker as an unretained expert witness at trial, and thus his deposition would violate V.R.C.P. 45(c)(3)(B)(ii) and (iii)'s protections for unretained expert witnesses subject to subpoena; 2) Mr. Crocker's testimony is not relevant under the Court's de novo trial standard; 3) Mr. Crocker's deliberations and mental processes are protected by some form of deliberative privilege; 4) the notice of deposition was untimely; 5) the deposition would be unduly burdensome; and 6) the information sought in the deposition is available from more convenient, less expensive sources.

In response, Appellants argue that: 1) ANR failed to comply with the requirements of V.R.C.P. 26(h); 2) that they should be able to depose Mr. Crocker because ANR is a party and he has information relevant to this matter, regardless of whether any party calls him as a witness; 3) that the Court's de novo standard does not automatically mean Mr. Crocker's testimony is exempt from discovery; 4) the deliberative privilege does not apply to Mr. Crocker; 5) the extension of the discovery deadline effectively moots ANR's arguments about the untimely notice of deposition and the burden of Mr. Crocker's attendance; and 6) that ANR's remaining arguments concerning acquiring discovery through more convenient means lack merit.

## Discussion

V.R.C.P. Rule 26(h) requires counsel to make good faith efforts to resolve or reduce all differences relating to discovery procedures and avoid filing unnecessary motions. V.R.C.P. 26(h). Prior to filing any motions under Rules 26 and 37, the moving party's counsel must first confer or attempt to confer with opposing counsel:

> [A]bout the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the court, <u>as part of his or her motion papers,</u> an affidavit or a certificate of a party's attorney subject to the obligations of Rule 11 certifying that he or she has conferred or has

---

[1] Appellants explained to ANR that they were willing to reschedule the April 17 deposition to a mutually convenient time and that April 17—a date which has now passed—was "effectively a placeholder."

attempted to confer with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the court, and has been unable to reach such an agreement.

V.R.C.P. 26(h) (emphasis added).

Rule 26(h) further provides that "memoranda with respect to any discovery motion shall contain a concise statement of the nature of the case and a <u>specific verbatim listing of each of the items of discovery sought or opposed</u>, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed." <u>Id</u>. Further, in discussing the imposition of sanctions for discovery violations under Rule 37(b), a panel of the Vermont Supreme Court has emphasized the importance of strict compliance with V.R.C.P. 26(h)'s procedural requirements, including "a motion to compel accompanied by an affidavit by counsel for the moving party . . . ." <u>Jackson v. Powers</u>, No. 2003-210 (Vt. Nov. Term 2003) (unpub. mem.). The Court finds this strict compliance approach to Rule 26(h) persuasive. <u>2508 W. Lake Rd. Nonconforming Structure</u>, No. 25-ENV-00037, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Dec. 31, 2025) (McLean, J.).[2]

As the moving party seeking a protective order in response to a discovery dispute, ANR has the burden of demonstrating strict compliance with Rule 26(h). V.R.C.P. 26(h). In this case, ANR failed to include the required Rule 26(h) affidavit with their initial motion, instead filing it along with their reply memo once opposing counsel had pointed out the omission. As we emphasized in <u>2508 West Lake Road</u>, this is insufficient under the rule. <u>Id</u>. at 3–4. Including a Rule 26(h) affidavit or certification only in a reply filing also engenders the filing of otherwise unnecessary surrebuttal memoranda, as occurred in this case.[3] For these reasons, ANR's motion for a protective order must be **DENIED**.[4]

---

[2] In <u>2508 West Lake Road</u>, the moving party failed to include a 26(h) affidavit or declaration at the time its initial motion to compel was filed. The Court stated that the movant's filing of the required declaration along with its reply memorandum (as opposed to accompanying the motion) did not meet the requirements of strict compliance with 26(h), and denied the motion principally on that basis. The Court also found additional deficiencies in the parties Rule 26(h) conference. <u>Id</u>.; V.R.C.P. 26(h). Because motions for protective orders and to compel are both subject to Rule 26(h), the case is instructive.

[3] By this Entry Order the Court **GRANTS** Appellants' Motion to File Surreply. The Court reviewed Appellants' Surreply Memorandum in connection with this decision.

[4] Because the Court denies ANR's motion for a protective order on this basis, we do not reach the parties' other arguments concerning protections for unretained expert witnesses, de novo review, application of the deliberative privilege(s), or the availability of discovery through more convenient means. In its filings, ANR has also repeatedly expressed concern that Appellants will attempt to improperly question Mr. Crocker at any deposition. ANR's counsel will be present for objection purposes should Appellants' questions stray from the appropriate and permissible subject matter. The Court would also expect Appellants' counsel to avoid improper questions should any deposition occur.

Additionally, although the parties met on January 23 and March 20, 2026 to confer regarding issues with discovery, the evidence provided to the Court does not make clear whether the communication around Mr. Crocker's deposition was an extension of a conversation that took place on January 23 or March 20 or if the issue arose following those meetings, particularly in light of the fact that the notice of deposition was not issued until April 2026. If Mr. Crocker's deposition was not the specific subject of those discussions, it may well be that the parties also failed to satisfy the requirement of Rule 26(h), generally, to meet and confer regarding the dispute.

The motion for protective order is **DENIED** at this time. In keeping with the requirements of Rule 26(h), should further disputes arise with respect to Mr. Crocker's deposition or other deponents in this matter, the parties should confer in an attempt to resolve the dispute, and return with a list of specific items of discovery sought or opposed, along with the reason(s) why each should be allowed or disallowed and any motion filed should be consistent with Rule 26.

Electronically signed this May 8, 2026 pursuant to V.R.E.F. 9(D).

Joseph S. McLean
Superior Court Judge
Environmental Division